F I L E D
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

MAR 21 2000

**TENTH CIRCUIT**

PATRICK FISHER
Clerk

ERNEST DEAN SANDERS,

     Petitioner - Appellant,

vs.

JAMES SAFFLE,

     Respondent - Appellee.

No. 99-6398
(D.C. No. CIV-99-809-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Mr. Sanders, an inmate appearing pro se, seeks to appeal from the denial of

his 28 U.S.C. § 2254 petition. Mr. Sanders is incarcerated in an Oklahoma

correctional facility on a conviction for larceny of merchandise from a retailer

after former conviction of two or more felonies, for which he was sentenced to

forty years imprisonment. On December 29, 1995, he escaped from the control of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

the Oklahoma Department of Corrections (ODOC), but was returned to prison on January 22, 1996. At the time of his escape, Mr. Sanders had accrued 5,446 earned credits, but after a disciplinary hearing at which he was found guilty of escape, he lost all of these credits.

In January 1999, Mr. Sanders requested that his credits be restored under Okla. Stat. Ann. tit. 57 § 138(A) ("statute"), which provides: "Lost credits may be restored by the warden or superintendent upon approval of the classification committee." He was informed that Department of Corrections Policy OP-060211 ("policy") did not allow for the restoration of lost time credits to medium security inmates or inmates with an escape misconduct. Mr. Sanders' application for relief was denied by the state district court and affirmed by the Oklahoma Court of Criminal Appeals.

On federal habeas, the state moved to dismiss the petition as time barred. The magistrate judge denied the motion to dismiss but recommended ruling against Mr. Sanders on the merits. The district court adopted the recommendation and denied petitioner a certificate of appealability and in forma pauperis status on appeal.

Mr. Sanders does not challenge the authority of the ODOC to take away his earned credits based on his escape. Rather, he challenges the decision not to restore the credits upon his request in 1999. Mr. Sanders first argues that the

statute and the policy are in open conflict, and therefore, the policy is constitutionally invalid. This argument is without merit. The statute is not mandatory or exclusive; the warden "may" restore lost credits based upon whatever further requirements the ODOC may care to apply. The policy provides these further requirements:

> the facility/district head may grant restoration of lost earned credit under the following conditions: . . .
>
> (3)    No restoration of any [earned credit] to inmates with any of the following serious class X misconducts . . . 16-1 [Escape misconduct]
> (4)    No restoration to inmates assigned to maximum and medium security.

R. doc. 11, attachment to Ex. A (Rabon aff.). Therefore, Mr. Sanders' inconsistency argument must fail.[1]

Second, Mr. Sanders alleges a violation of the Ex Post Facto Clause because the policy did not become effective until well after his 1983 conviction. As noted above, Mr. Sanders is not challenging the loss of his credits in 1995; he only challenges the refusal to restore them in 1999. The policy was already in force in 1999 (under either Oklahoma's asserted effective date of April 7, 1995 or Mr. Sanders' alleged date of May 1, 1998), and, therefore, its application did not violate the Ex Post Facto Clause. See Lynce v. Mathis, 519 U.S. 433, 441 (1997)

---

[1]Mr. Sanders contends that he is "minimum security eligible," but does not dispute the escape misconduct.

("To fall within the ex post facto clause, a law must be retrospective – that is 'it must apply to events occurring before its enactment'. . . .") (citation omitted).

Finally, Mr. Sanders alleges violations of equal protection because "prior to the DOC enactment of OP-060211 . . . , Oklahoma prison inmates at maximum, medium and minimum security Oklahoma prison facilities, similar (if not identical) situated as Mr. Sanders herein . . . were being restored lost earned credits by the Wardens or superintendents . . . ." Pet. Br. (Form A-16) at 2a. However, the policy of the ODOC in regard to inmates prior to the passage of the policy is not relevant for purposes of equal protection because those inmates are not "similarly situated" to petitioner. In order to show an equal protection violation, Mr. Sanders would have to allege that medium security inmates with an escape misconduct had their lost credits restored after the effective date of the policy. He has failed to do so, and his equal protection claim must fail.

We DENY a certificate of appealability, DENY the motion to proceed in forma pauperis, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge